

DEPARTMENT OF VETERANS AFFAIRS
LOUIS STOKES CLEVELAND
DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER
10701 EAST BOULEVARD
CLEVELAND, OH 44106

March 20, 2017

**In Reply Refer To: 541/053**

Dr. Ronald Lisan, MD
Anesthesiology Service
Louis Stokes Cleveland VA Medical Center
10701 East Boulevard
Cleveland, OH 44106

Subject: Proposed Suspension

1. This letter is to inform you that it is proposed to suspend you from duty and pay for ten (10) calendar days based on the following reasons:

You are employed as a Physician, VM-0602-15, Step 5, in Anesthesiology Service at the Louis Stokes Cleveland VA Medical Center. As an employee of this Medical Center, you are expected to observe the highest possible standards of honesty, integrity, impartiality, compassion, courtesy and ethical behavior toward patients, visitors and coworkers. An employee who violates established conduct requirements may be subject to appropriate disciplinary, adverse, or major adverse action.

On Friday, January 6, 2017, I was informed that you may have engaged in inappropriate behavior of sexual nature involving female coworkers. Specifically, I was approached by two (2) of your female coworkers who alleged sexual harassment perpetrated by you. Consequently, these allegations were referred to Equal Employment Opportunity (EEO) office for investigation.

On Thursday, March 16, 2017, VA EEO office concluded the investigation of allegations of Sexual Harassment made by Certified Registered Nurse Anesthetists (CRNA) who alleged sexual harassment perpetrated by you. Even though the case failed to rise to the level of sexual harassment, as defined in policy promulgated pursuant to Equal Employment Opportunity law, the EEO office did find evidence that inappropriate behavior might have occurred. Furthermore, the EEO office found evidence that you violated the supervisory order to cease any contact with the alleged victims except that which is absolutely required for official business.

I. Failure to Follow Orders

On Tuesday, January 10, 2017, in consultation with the EEO Manager, I issued a Sexual Harassment Allegation Checklist to you, which stated in part:

"I have ordered the alleged harasser to cease any contact with the alleged victim except that which is absolutely required for official business."

a. On Friday, January 20, 2017, I had to remind you of the order I gave you on Tuesday, January 10, 2017, as you were frequenting the CRNA lounge and were continuing to address one of the CRNAs that brought the above-mentioned allegations against you. Consequently, you are being charged with failure to follow orders.

**EXHIBIT 8**

USA - 000020

Page 2.
Proposed Suspension
Dr. Ronald Lisan

b.    On Monday, January 23, 2017, I again had to remind you of the order I gave you on Tuesday, January 10, 2017, and Friday, January 20, 2017, as you were continuing to have contact with the CRNAs that brought the above-mentioned allegations against you. Consequently, you are being charged with failure to follow orders.

c.    On Thursday, March 9, 2017, I issued a written order to you, instructing you to immediately cease any contact with the alleged victims, except that which is absolutely required for official business. I was advised that you were continuing to engage in conversations with the CRNAs that brought the allegations of inappropriate behavior against you. Despite my previous orders, you failed to follow my instructions to cease any contact with the alleged victims. Consequently, you are being charged with failure to follow orders.

    II.    Inappropriate Conduct

a.    On Wednesday January 4, 2017, Ms. Jessica Foster, CRNA, Anesthesiology Service, reported that she came to your office to sign out, as she was on a call assignment with you. Ms. Foster reported that you asked her to close the office door, as you had two (2) things to tell her. Ms. Foster stated that after you informed her that another physician would be covering your call assignment overnight, you said, "I am not trying to hit on you, ask you out or have sex with you, but I would", or words to that effect. Ms. Foster further reported that you told her how you saw similarities between your marriage and hers, and that you wasted far too many years in an unhappy marriage. Ms. Foster stated that she felt appalled at the context of the conversation and that the conversation made her extremely uncomfortable. Consequently, you are being charged with inappropriate conduct.

b.    On Thursday, January 5, 2017, Ms. Karen Bonfili, CRNA, Anesthesiology Service, reported that she was discussing a case with you that you were assigned to work the next day. She reported that when she asked you if you were leaving, you responded, "unless you can make me a better offer", or words to that effect. Ms. Bonfili stated that she felt extremely uncomfortable with your comment made to her. Consequently, you are being charged with inappropriate conduct.

c.    On Friday, January 6, 2017, Ms. Bonfili reported that she was assigned to work with you that day. Ms. Bonfili stated that you made sexually oriented comments throughout the day. Specifically, you stated, "sounds good to me, we can go now and get in your bed", or words to that effect, when she stated how tired she was and how she wanted to go home and go to bed. Consequently, you are being charged with inappropriate conduct.

d.    On Tuesday, March 7, 2017, Ms. Elaine Costanzo, CRNA, Anesthesiology Service, reported that you called her on her personal telephone after work hours. Ms. Costanzo stated that she received a phone call, from an unknown telephone number and answered the call. Ms. Costanzo stated that you were calling to tell her you did not feel you could provide safe patient care together as she does not greet you when she passes you in the hallway. You proceeded to tell Ms. Costanzo that she needed to find someone who would swap with her for the upcoming call assignment the two of you were scheduled to work, as it was easier for her to do so than you. Ms. Costanzo directed you to contact me regarding this matter and you responded that you did not want to talk to me for, "obvious reasons", or words to that effect. Furthermore, Ms. Costanzo reported that she felt intimidated and threatened by your phone call. You were previously instructed to cease any contact with the alleged victim except that which is absolutely required for official business. You should not have called Ms. Costanzo on her personal telephone. If you had concerns about being able to

Page 3.
Proposed Suspension
Dr. Ronald Lisan

provide safe patient care while working with Ms. Costanzo, you needed to address that with me. Consequently, you are being charged with inappropriate conduct.

e.     On Wednesday, March 8, 2017, Ms. Bonfili reported that you entered Operating Room (OR) 6, while she was working on a case, put your hands on her back and asked her if it was okay to touch her. Ms. Bonfili stated that you told her you would not press charges against her if she agreed to talk to your attorney and explain to him that you were just joking about the sexual talk. Furthermore, Ms. Bonfili stated that you told her if she talked to me there would be, "retaliation", or words to that effect. At some point during your interaction with Ms. Bonfili, Dr. Marin Mannix, MD, Staff Anesthesiologist, Anesthesiology Service, entered the room and informed you that you had an assignment in OR 7. As you did not leave OR 6 to attend your assignment, Dr. Mannix returned to remind you that you were needed in OR 7, at which time you responded, "I will go when I am ready", or words to that effect. Ms. Bonfili reported that you stayed in OR 6, continuing to talk to her about how you valued your relationship with her. Ms. Bonfili stated she left the room after Dr. Rachel Schlesinger, MD, Staff Anesthesiologist, Anesthesiology Service, came and instructed her to leave informing her she will stay with the patient. You were not assigned to work with Ms. Bonfili in OR 6, and did not have a need to be present in the room. Your presence and conversation in the room had no legitimate business or patient care purpose. Consequently, you are being charged with inappropriate conduct.

   III. Disruptive Behavior Putting Patient Safety at Risk

Over the last few months, you have engaged in inappropriate behavior involving female coworkers. Furthermore, four (4) of your female coworkers alleged sexual harassment perpetrated by you. The alleged victims reported that they felt their work environment was unsafe and they are not able to provide safe patient care as they are unable to concentrate on their work due to your intimidating and disruptive behavior. You were instructed, by me, to cease any contact with the alleged victims, except that which is required for direct patient care. Despite my orders, you continued to have contact with the alleged victims outside of your work assignments. Specifically, on March 8, 2017, you entered OR 6, approached Ms. Bonfili and put your hands on her back, while she was providing anesthetics care for a patient undergoing surgery. Ms. Bonfili stated that your intimidating behavior made it difficult for her to concentrate on the care she was providing. You were not assigned to the case and should not have entered the OR to approach Ms. Bonfili and disrupt the procedure. Consequently, you are being charged with disruptive behavior putting patient safety at risk.

2.     As an employee of this Medical Center, it is your responsibility to adhere to the rules and procedures, as described in Medical Center Policy (MCP) 005-024, Employee Responsibility and Conduct, which states in part:

*"Employees are expected to observe the highest possible standards of honesty, integrity, impartiality, compassion, courtesy and ethical behavior toward patients, visitors and coworkers."*

*"As an employee of the Cleveland VA Medical Center you are expected to:*

- *Treat your supervisor(s) with respect, following their directions and guidance in a cooperative, responsive manner and completing assignments on a timely basis.*

Page 4.
Proposed Suspension
Dr. Ronald Lisan

- *Exhibit courteous, respectful and compassionate behavior toward patients and those, with whom you interact, both co-workers and visitors, as a requirement of your position, not as an option."*

Furthermore, as an employee of this Medical Center, it is your responsibility to adhere to the rules and procedures, as described in MCP 003-003, Prevention of Sexual Harassment, which states in part:

*"Hostile-environment harassment is any lewd sexual conduct including, but not limited to: pictures, words, jokes, questions, remarks, teasing, and/or touching that unreasonably interferes with an individual's work performance or created an intimidating, hostile or offensive work environment."*

*"The key work in defining sexual harassment is unwelcome. When any unwelcome or unsolicited conduct is imposed on a person who regards it as offensive or undesirable, could be construed as sexual harassment."*

Your actions, as described above, are in direct contradiction with these expectations, thereby serving as the basis for your proposed suspension.

3. I have considered the following to be the aggravating factors in determining the appropriate discipline to propose: the nature and seriousness of the offense and its relation to the employee's duties, position and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated; the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position; the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability; the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisor's confidence in the employee's ability to perform assigned duties; consistency of the penalty with any applicable agency table of penalties; the notoriety of the offense or its impact upon the reputation of the agency; and the clarity with which the employee was on notice of any rules that were violated in committing the offense or had been warned about the conduct in question.

4. If you choose to do so, you have until close of business fourteen (14) calendar days from the day after you receive this notice to reply orally, or in writing, or both orally and in writing, and to submit affidavits and other documentary evidence in support of your reply, showing why the charge is unfounded and any other reasons why your suspension should not be effected. Your written reply should be submitted to me. I will receive your oral reply, or will designate an official to receive it. You may make arrangements for your oral reply by calling Ms. Jelena Zekanovic, Employee/Labor Relations Specialist, Human Resources Management Service, at 216-791-2300, extension 2163.

5. The evidence upon which this notice of proposed suspension is based will be available for your review in the Employee/Labor Relations Section of Human Resources Management Service, Second Floor, Administrative Building, Wade Park Campus, between the hours of 8:00 a.m. and 4:30 p.m., Monday through Friday. You will be allowed up to eight (8) hours of official duty time for reviewing the evidence relied on to support the reason(s) in this notice, preparing a written reply, securing affidavits, and for making a personal reply. Arrangements for the use of official time or requests for additional time should be made with me.

6. You may be represented by an attorney or other representative of your choice at all stages

Page 5.
Proposed Suspension
Dr. Ronald Lisan

of this matter, up to and including the issuance of the decision. Please advise me in writing of any representative designated.

7. The final decision to effect the proposed action has not been made. The Medical Center Director, who will make the final decision, will give full and impartial consideration to your reply (ies), if submitted. You will be informed in writing of the final decision as soon as possible after your reply has been considered or after the expiration of the time allowed for reply, if you do not reply. If an action is effected, the applicable grievance or appeal rights will be included in the decision letter.

8. You will be given a written decision within 21 calendar days of the receipt of your reply (ies) or, the close of business 14 calendar days following the receipt of this notice, if you do not reply.

9. If it is decided that you should be suspended, it will be effective not less than thirty (30) calendar days from the day after the date of receipt of this notice.

10. You will be retained in an active duty status during the advance notice period.

11. If a personal, medical, family, or other situation is affecting your conduct on the job, this Medical Center has an Employee Assistance Program (EAP) that offers short-term counseling and referral. You may contact EAP Counselors, Dr. Erica Sharkansky or Dr. Diane Johnson, at (216) 791-3800, extension 6922. One of them will be happy to meet with you on a confidential basis.

12. If you do not understand the above reason as to why your suspension is being proposed, please contact me, or Ms. Jelena Zekanovic, Employee and Labor Relations Specialist, Human Resources Management Service, at 216-791-2300, extension 2163.

*Susan D. Raphaely, MD*

Susan D. Raphaely, MD
Chief, Anesthesiology Service

I certify receipt of ~~the original and~~ two (2) copies of this document.

_____  3-28-2017
Ronald M. Lisan, MD         Date

541/053/JZ/03-20-17/ __053__ __053__ __053__ __05__ __11A__

USA - 000024