**LOUIS STOKES CLEVELAND**
**VA Medical Center**
10701 East Boulevard
Cleveland, OH  44106

**MEDICAL CENTER POLICY 005-005**
**February 4, 2017**



PLAINTIFF'S
EXHIBIT NO. 90
FOR IDENTIFICATION
DATE:        RPTR:

## DISCIPLINARY AND ADVERSE ACTIONS

1. **PURPOSE.**  To provide guidance to supervisors and management officials on the disciplinary system for conduct related reasons.

**NOTE:**  Does not apply to employees in temporary appointments or who are serving a probationary period.

2. **POLICY.**  It is the policy of the Louis Stokes Cleveland VA Medical Center that the concept of progressive discipline be employed.  Progressive discipline is designed to correct and improve employee behavior rather than to punish.  Supervisors and managers will propose and, if found appropriate, implement the least serious action which would, in their estimation, correct employee misconduct.

3. **RESPONSIBILITIES**

   a. Medical Center Director:  Renders the final decision on adverse actions for Title 5 employees and major adverse actions for Title 38 individuals.  Bases final decision on a thorough, impartial consideration of the Douglas Factors, all evidence developed, and any oral and/or written response made by the employee.  May mitigate the penalty imposed, as appropriate, based upon that review.

   b. Chief, Human Resources Management Service/Employee & Labor Relations Specialist:  Assists supervisors and management officials at all levels with disciplinary and adverse/major adverse action matters, interprets regulations and statutes, assures review of disciplinary and adverse/major adverse actions prior to issuance, and recommends final action to deciding officials.  Advises and assists employees relative to their rights on appeals, grievances and hearings, and provides them with information on the disciplinary process.

   c. Service Chiefs or Equivalent Care Line Officials:  Propose reprimands, suspensions of fourteen (14) calendar days or less and adverse actions (suspension greater than fourteen (14) calendar days, demotion or removal) for Title 5 employees. Issue admonishments and reprimand for Title 5 employees not covered by the bargaining unit.  Propose reprimands and major adverse actions (any suspension, reduction in grade, transfer, reduction in basic pay or discharge) for Title 38 employees. Serve as the deciding official for Title 5 reprimands and suspensions of fourteen (14) calendar days or less and Title 38 admonishments and reprimands.

   d. Supervisors:  Generally collect information related to an incident and make the initial recommendation or decision on the need for disciplinary action.  Ensure that labor relations and due process obligations to bargaining unit members are met.  Function as both the proposing and deciding official for letters of admonishment against Title 5 bargaining unit employees.

MEDICAL CENTER POLICY 005-005
                                                February 4, 2017

Propose admonishments for Title 38 employees.

## 4. PROCEDURES

a.  When an employee has done something or failed to do something which adversely affects his/her work, the ability of others to do their jobs, or the agency's mission, the appropriate management official and/or supervisor must first decide whether the incident involves an act of misconduct or poor performance.  If the incident concerns an act of misconduct, the disciplinary action process is applicable.

b.  Substance abuse considerations/medical considerations:  If an employee raises a claim that alcohol and/or drug abuse is affecting his or her conduct, the supervisor will make a written referral of the employee to the Employee Assistance Program (EAP). Documentation should be prepared to reflect the offer of assistance.

c.  Some incidents of misconduct are minor and may be the employee's first offense.  They may require no more than an informal counseling (verbal or written) with an employee.  If misconduct continues, disciplinary action should be considered.

d.  Management will conduct an informal fact finding as early as practicable to substantiate the charge and to secure appropriate statements.  Investigations will be conducted fairly and impartially.  All federal employees are required to provide full and truthful answers during any inquiry or investigation.  Failure to do so may be grounds for disciplinary action.  The only time employees are entitled to remain silent is if they may potentially incriminate themselves in a criminal offense.  Bargaining unit employees questioned in conjunction with a fact finding, and who reasonably believe that they may be subject to disciplinary action, will be entitled to representation.  Information obtained during the fact finding will be documented and any supervisory notes generated will be shown to the employee.  A copy of any statement made by a unit employee will be given to that employee and/or representative upon request.

e.  The supervisor, after considering all the facts, should determine if disciplinary action is appropriate based on the seriousness of the offense, the effect of the misconduct on the efficiency of the service, the individual's past disciplinary record, and the circumstances surrounding the incident.  Under no circumstances should an employee be singled out for disparate treatment.  Any document/s (i.e. reports of contact) used as evidence to support a disciplinary action against a bargaining unit employee, must be issued to the employee.

The bargaining unit employee is entitled to representation at the time the documents are issued.  It is the employee's responsibility to obtain representation.  The employee shall sign/date each of the documents to indicate receipt.  A copy of the documents will be provided to the employee and the representative.  The supervisor or management official will inform the employee of their right to reply orally and/or in writing to the documents presented within two (2) to three (3) calendar days from the date issued. Should the employee make a response, the supervisor or management official will take

3                                    MEDICAL CENTER POLICY 005-005
                                     February 4, 2017

the employee's response into consideration when determining whether or not to proceed with disciplinary action.

f.  In any disciplinary action, the facts bearing on the case must be evaluated to determine what offense was committed.  When determining the appropriate disciplinary action, reference should be made to the "Table of Penalties for Title 5 and Title 38 Employees" (Appendix A, Part I for Title 5, Appendix A, Part II for Title 38), for guidance on the nature of the offense and the appropriate penalty recommended.  The "Table of Penalties" is designed to promote uniformity and to ensure that like offenses are handled with reasonable consistency regardless of the position the employee occupies. A more severe penalty should not be imposed when a lesser penalty would be equally effective.  The concept of progressive discipline will be followed under most circumstances.

g. In order to ensure consistency and compliance with applicable VA and Federal regulations, all disciplinary actions will be prepared by the Employee/Labor Relations (ELR) Section of Human Resources Management Service.  Requests for such actions will be forwarded to the supporting Employee/Labor Relations Specialist, along with supporting documentation (e.g., reports of contact, time cards, incident reports, etc.). The specialist will prepare the appropriate letter, obtain the concurrence of the Human Resources Management Officer or designee, and send an original and two copies of the document to the requesting service for issuance.  The employee will be given two copies of the action, and will sign for its receipt on the file copy.  This copy will be returned to the Employee/Labor Relations Section of Human Resources Management Service.  If the employee refuses to sign, the supervisor will note that refusal, in writing, on the file copy.

h.  An employee against whom an admonishment or reprimand is proposed is entitled to a fourteen (14) day advance written notice.  An employee against whom a suspension or adverse/major adverse action is proposed is entitled to thirty (30) days advance written notice, unless the crime provision is invoked.  The crime provision allows for seven (7) calendar days of advance notice from the day following receipt of the proposed action.  The notice will state the specific reasons for the proposed action. Management agrees that the employee shall be given a reasonable amount of duty time, not exceeding eight (8) hours, to review the evidence on which the notice of disciplinary action is based and that is being relied upon to support the proposed action. Additional time may be granted on a case by case basis.  Upon request, one (1) copy of any document(s) in the evidence file will be provided to the employee and/or his/her designated representative.

i.  The employee and or his/her representative may respond to the disciplinary action proposed.  He/she may respond orally and/or in writing, or both orally and in writing, as soon as practical but not later than ten (10) calendar days from the day following receipt of a proposed admonishment or reprimand, and not later than fourteen (14) calendar days from the day following receipt of a proposed suspension or adverse/major adverse action.  The response may include written statements of persons having relevant information and/or appropriate evidence.  Management has the right to restrict the response time to seven (7) calendar days when invoking the crime

4

MEDICAL CENTER POLICY 005-005
February 4, 2017

provision.  Extensions for replying to the proposed action, may be granted when good cause is shown.  In responding to a proposed disciplinary or adverse/major adverse action, the employee will be entitled to representation.

j.  If the employee makes a written reply to the proposed action, that reply must be forwarded to Human Resources Management Service for inclusion in the evidence file.  If the employee and/or representative elect to make an oral reply, the appropriate management official and ELR will be in attendance at the meeting.  A written summary of the oral reply will be included in the evidence file.

k.  The deciding official, must give full and impartial consideration to the employee's reply/ies, if any, and to all evidence of record.  If the deciding official finds that one or more reason/s in the advance notice is/are sustained, he will review the penalty proposed for reasonableness and appropriateness.  The decision must be based only on the reason/s stated in the notice of proposed action, on consideration of any past disciplinary record cited in that notice and the employee's oral and/or written response, if submitted.  The penalty imposed may not be more severe than that proposed in the notice of proposed action.

l.  If the notice of proposed action is determined to be procedurally defective or if it is found that additional reasons should be considered, the original notice will be rescinded and a new notice of proposed action will be issued.  If, after considering all the issues involved, a decision is made not to proceed with disciplinary action, or to proceed with a lesser penalty, the employee will be notified in writing.

m.  If it is decided to proceed with the action proposed, Employee/Labor Relations will prepare the decision letter for issuance to the employee by the service.  In the case of suspensions, the service will initiate two requests for personnel action (SF-52) in Web HR, one suspending the employee and one returning him/her to duty, with the corresponding ARPA numbers and the signed copy of the decision letter.

n.  The appropriate management official will issue the written decision to the employee at the earliest date practical and at least five (5) calendar days prior to the effective date of a suspension or adverse/major adverse action.  Notice of a final decision to take disciplinary action shall be in writing.  The written decision shall include the reason for the disciplinary action; the evidence relied upon to support the decision, the findings and conclusions as to each charge, for how long the action will be maintained in the employee's personnel file, and a statement of the employee's rights to appeal.  At time of issuance, the supervisor will discuss the notice of disciplinary action with the employee after the employee has been afforded the right to representation.  If the employee elects to have a union representative present, the discussion will be delayed until the union has an opportunity to furnish a representative.  The employee will be given two (2) copies of the notice; one copy may be furnished to the employee's representative.

o.  Management will inform the union when it takes a disciplinary action against a bargaining unit employee that is actively being represented by the union.  In the event an employee chooses not to engage union representation, the Agency is not obligated

MEDICAL CENTER POLICY 005-005
February 4, 2017

to provide the union with a copy of the final disciplinary action.  The Agency will provide the union with a routing slip indicating that a final disciplinary action has been given to a bargaining unit employee, with no personal identifiers.  The notice will state the employee did not want union representation.

p.  The procedures described above do not apply to probationary or trial employees. Additionally, for Title 5, non-bargaining unit employees, letters of admonishment or reprimand are issued as a one-stage process, without the action having been proposed.

q.  A description of the various types of disciplinary actions follows:

1) Admonishment:  An admonishment is a written statement of censure given to an employee for a minor act of misconduct.  For Title 5 employees, it is proposed and decided by the immediate supervisor or a higher management official with direct knowledge of the incident.  For Title 38 employees the admonishment is proposed by the immediate supervisor and decided by the service chief or equivalent care line official.  The admonishment will be retained in the employee's Official Personnel Folder (OPF) for up to two years.  The employee may request withdrawal of the admonishment after six (6) months by requesting it through their supervisor.  Such requests should be based on a full and complete evaluation of the employee's present conduct.  If management decides to grant the employee's request, the appropriate management official will inform ELR and the employee.  The admonishment would be removed from the employee's official personnel folder (eOPF).

2) Reprimands:  A reprimand is also a written statement of censure.  For Title 5 employees, it is proposed and decided by the service chief or equivalent care line official.  For Title 38 individuals, reprimands are proposed by the immediate supervisor and decided by the service chief or equivalent care line official.
The reprimand is normally issued for offenses of a more serious nature or for a second offense occurring after an admonishment has already been issued.  The reprimand will be filed in the employee's Official Personnel Folder (OPF) for up to three years.  The employee may request withdraw of the reprimand after six (6) months by requesting it through their supervisor.  Such requests should be based on a full and complete evaluation of the employee's present conduct.  If management decides to grant the employee's request, the appropriate management official will inform ELR and the employee.  The reprimand would be removed from the employee's official personnel folder (eOPF).

3) Suspension:  A suspension is the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay.  For suspensions of fourteen (14) calendar days or less for Title 5 employees, the proposing and deciding official is the service chief or equivalent care line official.

4) Adverse Actions:  For Title 5 employees, adverse actions include suspensions of more than 14 calendar days, demotions and removals.  Such actions may only be taken for such cause as will promote the efficiency of the service.

6                                                    MEDICAL CENTER POLICY 005-005
                                                     February 4, 2017

        5)  Major Adverse Actions:  For Title 38 employees any suspension, reduction in grade, transfers, reductions in basic pay and discharges based on conduct or performance are considered major adverse actions.  (The referenced transfer is the involuntary movement of an employee from one VA facility to another, under separate managerial authority, based on conduct or performance and without a break in service. The reduction in basic pay does not apply to reductions in pay such as loss of physician special pay, head nurse differential, special allowances, premium/standby pay, etc., which are payments other than basic pay.)  For all Title 38 employees, suspensions are proposed by the service chief or equivalent care line official, and decided by the medical center director.

Management has the burden of proof on the following three elements of its decision on all adverse/major adverse actions under 5 USC 75 or Chapter 8 of MP-5, Part II.

        a)  Proof of Charges:  The agency must prove the factual basis of the misconduct relied on in taking the action by a "preponderance of the evidence". Preponderance of the evidence means the degree of relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient evidence to support a conclusion that the reasons for taking action are more likely to be true than not true.  This standard of proof is used by the Merit Systems Protection Board (MSPB) and arbitrators in deciding appeals.  In proving the charges themselves, it may also be necessary to establish a number of sub-elements.

An example would be a case involving charges of absence without leave (AWOL).  In such a case, the agency must prove not only that the employee was absent on the date(s) in question, but also that its decision to place the employee in an AWOL status, rather than in an approved leave status, was reasonable.

        b)  Nexus:  Nexus is the element in an adverse action which requires proof of an adequate relationship between the act of misconduct and the efficiency of the service.

        c)  Appropriateness of penalty:  The agency must establish that the penalty selected is within the tolerable limits of reasonableness by considering several factors such as the nature and seriousness of the offense and its relationship to the employee's duties.  A consideration must also be given to mitigating circumstances and any handicapping conditions raised by the employee.

        (1)  Once the determination is made that an adverse action should be proposed, the service chief, or equivalent care line official, with the assistance of Employee/Labor Relations, must decide if sufficient evidence exists to prove the conduct actually occurred.  A written notice of proposed adverse action can then be prepared.  The notice must be issued at least 30 calendar days before action can be effected, and the employee ordinarily remains in an active duty status during the notice period.  However, in those rare circumstances when management officials determine the employee's continued presence in the work place may pose a threat to himself or others, result in the loss or damage of government property, or otherwise jeopardize legitimate government interests, the following action may be taken.  The employee can

7

MEDICAL CENTER POLICY 005-005
February 4, 2017

be assigned to other duties, placed on leave with his/her consent, placed on involuntary sick or other leave (when medical documentation demonstrates physical or mental incapacitation,) carried on leave or in a non-pay status when he/she is absent for reasons not originating with the agency, or placed in an unpaid, non-duty status during part of the advance notice period when the agency has reason to believe the employee has committed a crime for which imprisonment could be imposed.

   (2)  Employees against whom an adverse action has been proposed are entitled to a reasonable amount of duty time to review the evidence relied upon to support the action and for preparing a written and oral reply.  The employee's representative, if any, has the same entitlement.

   (3)  Upon receipt of the decision letter, the employee may be referred to the appropriate Employee/Labor Relations Specialist for a further explanation of his/her appeal rights.

5.  **REFERENCES.**  5 CFR 752; VA Handbook 5021, Part I and Part II, 5 USC 750, the Master Agreement between the Department of Veterans Affairs and The American Federation of Government Employees (AFGE), March 15, 2011and Memorandum of Understanding between AFGE Local 31 and the Cleveland VA Medical Center, February 1, 2013.

6.  **RESCISSION.**  All previous versions of Medical Center Policy 005-005 are rescinded.  The next review date of this policy is February 4, 2020.

7.  **FOLLOW-UP RESPONSIBILITY.**  Chief, Human Resources Management Service.


//s//
SUSAN M. FUEHRER
Medical Center Director

Attachment A:  Table of Penalties for Title 5 Employees, Part I, Appendix A

Attachment B:  Table of Penalties for Title 38 Employees Part II, Appendix A