UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD M. LISAN, M.D. ) | Case No. 1:18-CV-0969 |
| ) | |
| Plaintiff, ) | Judge Pamela A. Barker |
| ) | |
| v. ) | **PLAINTIFF'S UNOPPOSED MOTION** |
| ) | **FOR INDICATIVE RULING** |
| ROBERT WILKE, ACTING SECRETARY OF THE ) | |
| UNITED STATES DEPARTMENT OF VETERANS ) | |
| AFFAIRS ) | |
| Defendant. ) | |
| ) | |

**I.  HISTORY OF CASE**

On January 9, 2020, this Court issued an Order granting Defendant's Motion for Summary Judgment.

On February 5, 2020, Plaintiff filed an appeal of this Court's summary judgment ruling in the Sixth Circuit Court of Appeals.

On Friday, March 6, 2020, Plaintiff filed in this court a Motion for Leave to File *Instanter* Motion for Relief from Judgment and Motion to Vacate Judgment Entry in Excess of Page Limit, and Memorandum in Support Thereof.

On Monday, March 9, 2020, this Court entered an order granting Plaintiff's motion in part, stating that Plaintiff may file a 25-page Memorandum in Support of his Relief from Judgment ("revised motion").

**II.      LEGAL ANALYSIS**

Where a party seeks to make a motion under Fed.R.Civ.P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the Rule 60(b) motion in the district court. *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). This allows the district court to reconsider its previous judgment of dismissal based on a full evaluation of the case record. The district court may grant or deny the Rule 60(b) motion, but lacks jurisdiction to grant it when the plaintiff has already filed an appeal of the underlying judgment. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005). If the district judge believes there should be relief from the judgment, the district court is to indicate that it is inclined to grant the motion. The plaintiff-appellant then files a motion for remand in the appellate court, so the district court can grant said relief. Fed.R.Civ.P. 60(b).

In the instant case, the Court's March 9, 2020 Order granted Plaintiff leave to file a 25-page Memorandum in Support of his Relief from Judgment (which Plaintiff has not yet filed, but will do so this week), but did not indicate "if the district court believes there should be relief from judgment", or that it is inclined to "grant the motion". Without the requisite "indicative ruling", there is no basis for Plaintiff to file a motion for remand in the appellate court.

Thus, Plaintiff requests the Court issue the requisite "indicative ruling" if it intends to grant Plaintiff's Rule 60(b) motion, so Plaintiff can file a motion to remand in the appellate court in order to vest the district court with jurisdiction to grant the requested relief.

Defendant's counsel does not oppose this motion, but reserves the right to oppose Plaintiff's revised Rule 60(b) motion.

### III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court issue the requisite "indicative ruling", so Plaintiff can move for remand in the appellate court in order to vest the district court with jurisdiction to grant relief if it is inclined to do so.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)
CARYN GROEDEL & ASSOCIATES CO., LPA
31340 Solon Road, Suite 27
Cleveland, OH 44139
Phone: (440) 544-1122
Fax:     (440) 996-0064
*cgroedel@groedel-law.com*
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on this 17th day of March, 2020. Notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)