IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Ronald Lisan, M.D.,** | **Case No.  1:18cv969** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Robert Wilkie,** **Secretary of the United States Department of Veteran Affairs,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant** | |

Currently pending is Plaintiff Ronald Lisan, M.D.'s Motion for Relief from Judgment and Motion to Vacate Judgment Entry. (Doc. No. 82.)  For the following reasons, Plaintiff's Motion is denied.

**I.     Relevant Background**

On April 27, 2018, Plaintiff Ronald M. Lisan, M.D. (hereinafter "Plaintiff") filed a Complaint in this Court against Defendant Robert Wilkie, Secretary of the United States Department of Veteran Affairs (hereinafter "Defendant"), asserting claims for (1) sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., (2) disability discrimination, denial of reasonable accommodation, and hostile work environment under the Rehabilitation Act of 1973, as amended, 29 U.S.C. 706, 791, *et seq*.; and (3) "reprisal/retaliation and hostile work environment." (Doc. No. 1.)

After extensive discovery, Defendant moved for summary judgment with respect to all of Plaintiff's claims.  (Doc. No. 29.)  Plaintiff, represented by counsel, filed a Brief in Opposition, to

which Defendant replied. (Doc. Nos. 50, 56.) Both parties later obtained leave to file Sur-Replies. (Doc. Nos. 63, 65.)

On January 9, 2020, this Court issued a lengthy Memorandum Opinion & Order and Judgment Entry, granting summary judgment in favor of the Defendant and dismissing the case.[1] (Doc. Nos. 73, 74.)

On February 5, 2020, Plaintiff filed a Notice of Appeal to the Sixth Circuit. (Doc. No. 76.) Thereafter, on March 6, 2020, Plaintiff filed a "Motion for Leave to File, instanter, Motion for Relief from Judgment and Motion to Vacate Judgment Entry, and Memorandum in Support thereof, in excess of page limit." (Doc. No. 78.) On March 9, 2020, this Court granted Plaintiff's Motion in part, allowing him to file a Motion no longer than 25 pages in length. (Doc. No. 79.)

Plaintiff filed his Motion for Relief from Judgment and to Vacate Judgment Entry on March 20, 2020. (Doc. No. 82.) After receiving an extension, Defendant filed a Brief in Opposition on April 10, 2020. (Doc. No. 84.) Plaintiff did not file a Reply Brief.

**II.      Standard of Review**

Plaintiff moves for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and (6). (Doc. No. 82 at p. 5.) A court may provide relief under Rule 60(b)(1) in instances of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has explained that a motion for relief under Rule 60(b)(1) is intended to provide relief to a party in only

---

[1] As explained in the Court's opinion, in his Brief in Opposition, Plaintiff stated that "the only claim of relief he is pursuing is his retaliation claims arising out of his protected activities related to Reasonable Accommodation, Sex and Disability Discrimination," as set forth in Count III. (Doc. No. 50 at p. 1.) Accordingly, the Court found that Plaintiff abandoned his sex discrimination, hostile work environment, disability discrimination, and denial of reasonable accommodation claims and granted Defendant's Motion for Summary Judgment with respect thereto. The only claim that Plaintiff substantively addressed in his Brief in Opposition was his retaliation claim. The Court addressed this claim at length in its January 9, 2020 Memorandum Opinion & Order and granted summary judgment in Defendant's favor. (Doc. No. 73.)

two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). *See also United States v. Rohner*, 634 Fed. Appx. 495, 506 (6th Cir. Dec. 11, 2015). Therefore, a "claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1)." *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) (citing *Pierce v. United Mine Workers of Am., Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985)).

A court may apply Rule 60(b)(6) to provide relief under "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A court's application of Rule 60(b)(6) requires "exceptional and extraordinary circumstances" warranting relief in the absence of an appeal on the merits. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). As the Sixth Circuit has explained, Rule 60(b) does not afford litigants a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. *See Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). *See also Arsan v. Keller*, 2019 WL 3494330 at * 12 (6th Cir. Aug. 1, 2019).

A district court generally lacks jurisdiction to hear a Rule 60(b) motion while an appeal is pending. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005). However, the Sixth Circuit has prescribed a procedure to be used when a Rule 60(b) motion is filed in the district court while an appeal is pending in the court of appeals. *See First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir.1976). Under the procedures outlined in *Hirsch*, where a party wishes to file a Rule 60(b) motion but has already filed a notice of appeal:

> …the proper procedure is for him to file his motion in the [d]istrict [c]ourt. If that court indicates that it will grant the motion, the appellant should then make a motion

3

>to this court for a remand of the case in order that the [d]istrict [c]ourt may grant the motion....

*Id.* at 346. If the district court is not disposed to grant the motion, "the appeal will be considered in regular course." *Id*. The decision of whether to consider the post-judgment motion while an appeal is pending is within the district court's discretion, and there is no error if the district court decides to let the appeal run its course. *Adkins v. Jeffreys*, 327 Fed. Appx. 537, 539 (6th Cir. April 22, 2009) (citing *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir.1999)). *See also Huffman v. Speedway, LLC*, 621 Fed. Appx. 792, fn 2 (6th Cir. July 1, 2015); *Bovee v. Coopers & Lybrand CPA*, 272 F.3d 356, fn 1 (6th Cir. 2001).

**III.    Analysis**

Plaintiff argues that he is entitled to relief from judgment because "the Court identified, and considered, just one of the five adverse actions that comprise [his] retaliation claim." (Doc. No. 82 at p. 7.) Specifically, Plaintiff argues that the Court only considered his 10-day suspension to be an adverse employment action and improperly failed to consider the following additional adverse actions: (1) denial of his request to return incrementally to his on-call duties upon returning from FMLA leave; (2) solicitation of complaints against him from his co-workers; (3) the wrongful issuance of no-contact orders which kept Plaintiff from communicating with his co-workers about complaints that had been filed against him; and (4) his March 9, 2017 Written Admonishment. (*Id*.)

The Court finds this argument to be without merit. While Plaintiff discussed the above actions at various points in the Fact Section of his Brief in Opposition, the only "adverse employment action" he identified and discussed in the Legal Analysis section of his Brief was his 10-day suspension. (Doc. No. 50 at pp. 27-28.) Specifically, the entirety of Plaintiff's legal analysis of this element of his retaliation claim in his Brief in Opposition is as follows:

4

## ADVERSE EMPLOYMENT ACTION

>Plaintiff was given a 10-day suspension without pay. Your Honor has held, citing *White v. Burlington N. & Santa Fe Ry. Co*., 364 F.3d 789 (6th Cir. 2004), (affirmed by the U.S. Sup. Ct*., infra*), "that only a three day period" of suspension without pay is an adverse employment action. *Washington v. Marymount Hosp., Inc*., 2010 U.S. Dist. LEXIS 9265, (U.S.D.C., N. Dist. of Ohio, Eastern Div., 2010 at *19-20) *See also Rodgers v. Cty of Cleveland*, 2006 U.S. Dist. LEXIS 60574 (U.S.D.C., N .Dist. of Ohio, Eastern Div., 2006) (Suspension without pay is an adverse employment action); *Younger v. Ingersoll-Rand Co*., 2013 U.S. Dist. LEXIS 170313 (U.S.D.C., So. Dist. of Ohio, Western Division, 2013) (assessment of attendance points and zero-day suspension is an adverse employment action).

(*Id.*) In his Reply Brief, Defendant expressly noted that Plaintiff had only identified his 10-day suspension as an adverse employment action and argued that Plaintiff had therefore abandoned all other bases for his retaliation claim. (Doc. No. 56 at p. 1, fn 1.) Although Plaintiff was granted leave to file (and did file) a Sur-Reply, he did not dispute Defendant's argument nor did he identify anything other than his 10-day suspension as an "adverse employment action" for purposes of his retaliation claim. (Doc. No. 63.)

A review of the briefing reveals that Plaintiff (who was represented by counsel) clearly and unambiguously chose to base his retaliation claim on one adverse employment action--- his 10-day suspension. The Court was not required to nonetheless hunt through Plaintiff's Brief in Opposition to identify additional possible adverse employment actions, and construct a legal analysis of such adverse actions on Plaintiff's behalf. To do so would have been inappropriate for any number of reasons, including that it would have entirely deprived Defendant of notice and the opportunity to respond.

Here, the Court properly evaluated Plaintiff's retaliation claim consistent with his briefing. Plaintiff may not now, with the benefit of hindsight and new counsel, use Rule 60(b) to get a second bite at the apple by presenting new explanations, new legal theories, or proof. *See Jinks,* 250 F.3d at

5

385; *Arsan*, 2019 WL 3494330 at * 12. Nor is the fact that Plaintiff is unhappy with the Court's decision indicative of either a "mistake" or "exceptional circumstances" warranting relief under Rule 60(b)(1) or (6).

Plaintiff next claims that he is entitled to relief from judgment because this Court failed to construe inferences in his favor, failed to consider evidence he submitted, and inappropriately made credibility determinations. (Doc. No. 82.) The Court rejects these arguments. The Court fully considered the evidence, drawing all inferences in Plaintiff's favor.[2] Indeed, the Court expressly acknowledged the evidence cited by Plaintiff in his briefing, including evidence that Dr. Raphaely was biased against him, solicited nurses to submit false sexual harassment allegations against him, and tried to "run him out of her department." *See, e.g.*, Doc. No. 73 at p. 35. The Court concluded, however, as follows:

> Even if the Court were to assume that all of the above allegations are true, it is nonetheless undisputed that Plaintiff intentionally violated the no contact order when he entered an operating room on March 8, 2017 and spoke to Ms. Bonfili regarding the possibility of resolving her sexual harassment claims, when he was not assigned to that operating room and a patient was undergoing surgery at the time. While Plaintiff disagrees with the VA Policy that prohibited him from contacting his accusers to attempt to resolve their allegations, Plaintiff cites no law that would support the argument that he was somehow immunized from intentionally violating that Policy.

---

[2] Throughout his Motion for Relief, Plaintiff routinely mischaracterizes the Court's January 9, 2020 Memorandum Opinion & Order. For example, Plaintiff argues that "the Court impermissibly determined that Raphaely's claim—that full on-call duty was an essential job function of an anesthesiologist at the VA—was legitimate, and that the VA was therefore justified in denying Plaintiff's request to return gradually to full on-call duty." (Doc. No. 82 at p. 21.) The Court found no such thing. Plaintiff abandoned his disability discrimination and denial of reasonable accommodation claims and, further, did not argue in his Brief in Opposition that the denial of his request to return incrementally to his on-call duties upon returning from FMLA leave was an "adverse employment action." Thus, the Court did not address the "legitimacy" of Dr. Raphael's assertion that full on-call duties were an essential job function of Plaintiff's position. Indeed, Plaintiff's only citation to the Court's "determination" with respect to this issue is a footnote in the Court's recitation of the facts. (*Id.* citing Doc. No. 73 at p. 3, fn 2.)

6

(*Id.* at p. 36.)³ Plaintiff still fails to cite any law that addresses the impact of his intentional violation of the VA's sexual harassment policy on his retaliation claim. Indeed, at no point in his Motion for Relief from Judgment does Plaintiff even acknowledge the events of March 8, 2017, despite the fact that this incident formed the basis of his 10-day suspension.

Accordingly, Plaintiff's arguments that the Court failed to properly and fully consider the evidence, are without merit and rejected.

**IV.    Conclusion**

For all the reasons set forth above, Plaintiff's Motion for Relief from Judgment and Motion to Vacate Judgment Entry (Doc. No. 82) is DENIED.

**IT IS SO ORDERED**

Date: May 5, 2020

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

³ In finding that it was undisputed that Plaintiff entered the operating room with Ms. Bonfili on March 8, 2017 and spoke with her about her sexual harassment allegations in contravention of VA policy, the Court relied on Plaintiff's own deposition testimony. (Doc. No. 73 at pp. 10-11, 27-28, 32, 35-36.) Indeed, the Court relied heavily on Plaintiff's deposition testimony throughout the decision. (*Id.*) Thus, Plaintiff's argument that this Court only considered the evidence cited by Defendant, is without merit and rejected.